# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-2078V

| | |
|---|---|
| TIMOTHY GARRETT,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: July 8, 2025 |

*Diana L. Stadelnikas, Mctlaw, Sarasota, FL*, for Petitioner.

*Benjamin P. Warder, U.S. Department of Justice, Washington, DC*, for Respondent.

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On October 26, 2021, Timothy Garrett filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered Guillain-Barré syndrome after receiving an influenza vaccination on November 20, 2018. Petition, ECF No. 1. On December 30, 2024, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 51.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $67,404.57 (representing $63,475.00 in fees plus $3,929.57 in costs). Application for Fees and Costs ("Motion") filed March 28, 2025, ECF No. 55. Furthermore, Petitioner filed a signed statement representing that Petitioner incurred no personal out-of-pocket expenses. ECF No. 55-4.

Respondent reacted to the motion on April 7, 2025, reporting that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, ECF No. 56. Petitioner filed a reply thereafter requesting an award of fees and costs as indicated in the Motion. ECF No. 57.

I have reviewed the billing records submitted with Petitioner's request. The rates requested for work performed through the end of 2024 are reasonable and consistent with our prior determinations and will therefore be adopted. Petitioner has also requested the hourly rate of $605.00 for 2025 work performed by attorney Diana Stadelnikas, representing a rate increase of $45.00 from the previous year. Petitioner has also requested the rate of $205.00 for paralegal work performed in 2025 representing a rate increase of $15.00 from the previous year. I find the proposed rates to be reasonable and shall be adopted. However, I find a minor reduction in the amount of fees to be awarded appropriate, for the reasons stated below.

A review of the billing records reveals several entries billed on tasks considered administrative in nature.[3] But billing for administrative tasks is not permitted in the Vaccine Program. See *Rochester* v. *U.S.*, 18 Cl. Ct. 379, 387 (1989) (noting that tasks "primarily of a secretarial and clerical nature ... should be considered as normal overhead office costs included within the attorneys' fee rates."). Tasks that are "purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them." *Missouri* v. *Jenkins*, 491 U.S. 274, 288 n.10 (1989). Attorneys, thus, may not separately charge for clerical or secretarial work because those charges are overhead for which the hourly rate accounts. See *Bennett* v. *Dep't of Navy*, 699 F.2d 1140, 1145 n.5

---

[3] See billing entries dated: 11/22/21 (two entries); 12/22/21 (two entries); 1/12/22; 5/10/22 (two entries); 8/2/22; 8/19/22; 8/22/22; 8/25/22; 1/3/23; 1/4/23; 2/3/23; 3/6/23; 3/7/23; 3/8/23; 3/9/23; 3/29/23; 4/12/23; 5/16/23; 5/31/23; 6/14/23; 6/19/23; 7/31/23; 8/25/23; 8/30/23 (two entries); 11/14/23 (two entries); 2/20/24; 2/21/24 (two entries); 2/23/24; 3/21/24 (two entries): "review and analyze order for action needed, update case deadlines…review scheduling order, update case notes." 4/12/24; 5/6/24; 5/7/24; 5/8/24; 6/7/24: "review and analyze order for action needed, update case deadlines." 7/11/24; 8/16/24; 10/25/24; 11/8/24 (four entries): "cancel request for medical records…" 11/19/24 (two entries); 12/30/24; 2/10/25, totaling $1,480.50 in non-compensable billing entries. *See* ECF No. 55-2.

(Fed. Cir. 1983). See also *Floyd* v. *Sec'y of Health & Human Servs*., No. 13-556V, 2017 WL 1344623, at *5 (Fed. Cl. Spec. Mstr. Mar. 2, 2017); (stating that secretarial tasks include "scheduling status conferences, organizing exhibits, preparing compact discs, revising a short motion after an attorney's review, and filing documents through the CM/ECF system"); *Silver* v. *Sec'y of Health & Human Servs*., No. 16-1019V, 2018 U.S. Claims LEXIS 1058, at *15 (Fed. Cl. Spec. Mstr. July 31, 2018) (noting that "'receiv[ing], review[ing,] and process[ing]' records and court orders, and noting deadlines, are all clerical tasks."). Accordingly, fees incurred for such tasks will not be reimbursed. **Application of the foregoing reduces the amount of fees to be awarded by $1,480.50.**

Furthermore, Petitioner has provided supporting documentation for all claimed costs. ECF No. 55-3. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's Motion for attorney's fees and costs. I award a total of **$65,924.07 (representing $61,994.50 in fees plus $3,929.57 in costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[4]

**IT IS SO ORDERED.**

                                                    s/Brian H. Corcoran
                                                  Brian H. Corcoran
                                                  Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.